J-A22028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EUGENE R. DAVID | : | |
| | : | |
| Appellant | : | No. 103 WDA 2022 |

Appeal from the Judgment of Sentence Entered October 6, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001889-2021

BEFORE: OLSON, J., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED: OCTOBER 12, 2022**

Appellant, Eugene R. David, appeals from the October 6, 2021 Judgment of Sentence entered in the Allegheny County Court of Common Pleas following his conviction of Failing to Comply with Registration Requirements. After careful review, we affirm.

The relevant facts and procedural history are as follows. On November 11, 2020, the Commonwealth charged Appellant, a convicted sex offender,[1] with two counts of Failing to Comply with Registration Requirements[2] after

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant was convicted of Sexual Misconduct in New York on May 3, 2005.

[2] 18 Pa.C.S. §§ 4915.2(a)(1) and 4915.2(a)(2), respectively.

Pennsylvania State Police conducted a Megan's Law compliance check and discovered that Appellant was not residing at his registered address.[3]

On October 6, 2021, the matter proceeded to a stipulated non-jury trial.[4] Following the court's review of the stipulated evidence, the court asked Appellant whether he intended to testify or present any character witnesses. Appellant indicated that he did not. Then, the court asked Appellant's counsel if he wished to make any "comments" on Appellant's behalf.[5] Appellant's counsel replied that the Commonwealth had failed to meet its burden of proof.

At the conclusion of Appellant's argument, the court looked to the Commonwealth for a reply, at which time the Commonwealth requested that the court admit into evidence the Pennsylvania State Police Megan's Law Packet and a certified copy of Appellant's New York sexual misconduct conviction. Appellant's counsel did not object to the admission of this evidence and the court admitted the exhibits.

---

[3] On July 14, 2020, Appellant updated his residential address as 304 Tangelo Drive, Clariton, PA. However, when Allegheny County Sheriff's detectives conducted a compliance check at that address, a resident informed the detectives that Appellant had "not lived at that address for years" and he had not "seen [Appellant] in a long time." Affidavit of Probable Cause at 2. The detectives' further investigation revealed that Appellant was living with his mother at 5307 E. Wilcock Rd., Pittsburgh, PA. *Id.*

[4] The Commonwealth and Appellant stipulated to the facts as set forth in the Affidavit of Probable Cause and the contents of the preliminary hearing transcript.

[5] N.T. Trial, 10/6/21, at 11.

- 2 -

The Commonwealth then argued that the evidence was sufficient to convict Appellant. Appellant's counsel then provided additional argument stating, *inter alia*: "Your Honor, just at the beginning of the trial, the stipulations were to the Affidavit, as well as the preliminary hearing transcript. There was no additional agreement to stipulations as to additional evidence being admitted during the trial. I would say that that evidence should not be considered by the court." N.T. Trial, 10/6/21, at 16. Immediately thereafter, the court convicted Appellant of one count of Failing to Comply with Registration Requirements.

Appellant waived his right to a pre-sentence investigation report and the trial court sentenced him to three years of probation. Appellant filed a post-sentence motion, which the trial court denied on January 12, 2022.

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

Whether the trial court abused its discretion in granting the Commonwealth's request to re-open the record where [Appellant's] case was resolved as a stipulated non-jury trial where the parties stipulated as to the entirety of the evidence that would be considered by the trial court, such request was made only after the reception of evidence had closed, and defense counsel had already made his closing argument and motioned for judgment of acquittal pointing out the fatal deficiencies in the Commonwealth's case?

Appellant's Brief at 4.

Appellant argues that the trial court abused its discretion in permitting the Commonwealth to reopen the record to include evidence outside the scope

- 3 -

of the parties' stipulation. *Id.* at 13. Appellant asserts that at the time the Commonwealth moved for the admission of the certified copy of Appellant's New York conviction and the Megan's Law Packet the record was closed and the Commonwealth had rested its case. *Id.* at 15. Appellant also claims that his counsel made a timely and specific objection to the admission of the additional evidence. This Court's review of the Notes of Testimony from Appellant's trial belies both claims.

We first observe that, as noted by the trial court in its Rule 1925(a) opinion, the Commonwealth did not request permission to reopen the record because the record was not yet closed. *See* Trial Ct. Op., 2/28/22, at 4-5 (explaining that "the Commonwealth did not make a request to reopen the record, as the Commonwealth did not rest and the record had not closed").

Moreover, even if the Commonwealth had requested that the court reopen the record to admit additional evidence, it is clear from the Notes of Testimony that Appellant did not raise a timely objection to the admission of additional evidence. Rather, Appellant's counsel waited until after the Commonwealth had concluded its argument before suggesting that the court not consider the additional evidence.[6] Because Appellant failed to timely object, he failed to preserve this issue for appellate review. Appellant has, thus, waived this claim on appeal. *See Commonwealth v. Baumhammers*,

---

[6] Even then, Appellant's counsel did not request that the court exclude the additional evidence, but only that the court not give it any weight. N.T. Trial at 16 (where counsel argued "that that evidence should not be considered by the court").

960 A.2d 59, 84 (Pa. 2008) (stating "the absence of a specific contemporaneous objection renders the appellant's claim waived" (citation omitted)); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").[7]

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/12/2022

---

[7] Moreover, even if the court erred in admitting the additional evidence, the error was harmless as the additional evidence was merely cumulative and corroborative of the testimonial evidence to which Appellant stipulated. **See Commonwealth v. Chmiel**, 889 A.2d 501, 521 (Pa. 2005) (explaining that an error is harmless where, *inter alia*, "the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence[.]") (citation omitted)).